**RICKLES, INC., Plaintiff,**

**v.**

**FRANCES DENNEY CORP. et al., Defendants.**

**Civ. A. No. 80–177–C.**

United States District Court, D. Massachusetts.

Feb. 9, 1980.

Edward A. Sokoloff, Maynard, Mass., for plaintiff.

Robert L. Teagan, Boston, Mass., for Jordan Marsh Co.

John R. Hally, Neil P. Motenko, Nutter, McClennen & Fish, Boston, Mass., for Federated Dept. Stores, Inc.

Robert J. Muldoon, John W. Fieldsteel, Withington, Cross, Park & Groden, Boston, Mass., for Frances Denney Corp.

## MEMORANDUM

CAFFREY, Chief Judge.

This is a civil action brought by plaintiff Rickles, Inc., a cosmetics store, alleging violations of the Robinson-Patman Act (the Act). Rickles alleges that defendant Frances Denney Corporation (Denney), a manufacturer and distributor of cosmetics, gave favorable treatment to defendants Jordan Marsh Company and Federated Department Stores, Inc. (Bloomingdale's) by providing the department stores with benefits that were withheld from small specialty stores, including Rickles. The case is before the Court on the defendant department stores' motions to dismiss for failure to state a claim upon which relief may be granted, Fed.R.Civ.P. 12(b)(6), and defendant Denney's motion for dismissal or preclusion of certain evidence on the grounds of failure to make discovery, Fed.R.Civ.P. 37.

The complaint alleges that Denney designated certain retailers, including defendants Jordan Marsh and Bloomingdale's, as "department stores" and entered into agreements with them whereby Denney supplied salary payments for demonstrators, advertising allowances, rental of counter space and display areas, payments for improvements to the store selling areas, and special promotional packages. Plaintiff contends that it demanded the same treatment for merchandise of like grade and

quality, and that Denney denied such benefits because of the arbitrary designation of Rickles as a "specialty" store. The complaint contains further allegations that defendants' actions tended to create a monopoly in the department stores, and that the department stores induced and received the discriminatory benefits knowing that they were not available to plaintiff or other "specialty" stores.

■ Section 2(a) of the Robinson-Patman Act prohibits direct and indirect price discrimination which tends to create a monopoly or to lessen competition substantially. 15 U.S.C. § 13(a). Direct price discrimination occurs when a seller charges different prices to different purchasers for commodities of like grade and quality, and can also result from the offering of discounts and allowances. *Purdy Mobile Homes Inc. v. Champion Home Builders Co.*, 594 F.2d 1313 (9th Cir. 1979). Indirect price discrimination results when one buyer receives something of value which is not offered to other buyers. *Id.* Rickles asserts that the promotional benefits extended by Denney to Jordan Marsh and Bloomingdale's constitute such indirect price discrimination.

Sections 2(d) and 2(e) of the Act prohibit a seller from discrimination in payments for services and facilities to purchasers who are buying commodities for resale. 15 U.S.C. 13(d), (e). Section 2(a) of the Act, on the other hand, addresses discrimination with respect to the original sale to the purchaser. "[A] seller's payments as well as services in connection with the *original* sale to the purchaser rather than with regard to the purchaser's subsequent *resale* were not cognizable under §§ 2(d) or 2(e) but were challengeable only under §. 2(a) as indirect price discrimination." *Kirby v. P. R. Mallory & Co., Inc.*, 489 F.2d 904, 909 (7th Cir. 1973) (emphasis in original).

■ The payments and services alleged by Rickles clearly were provided in connection with projected resales of the products, not in connection with the original sales from Denney to Jordan Marsh and Bloomingdale's. The alleged discriminations in this case properly are subsumed exclusively under §§ 2(d) and 2(e), rather than § 2(a). As the Court noted in *Kirby*, the plaintiff's argument

> would have us collapse the distinction in schemes and standards [between price and promotional discriminations] and would have us find that the two sections are mere surplusage. This we decline to do. In view of the strict standards of §§ 2(d) and 2(e), which focus on resale, it appears quite clear that Congress carefully considered the deficiency in the original law proscribing price discrimination in the supplier—customer sale and drafted §§ 2(d) and 2(e) to apply exclusively to promotional discriminations like those alleged in this case.

*Id.* at 910–911. The complaint thus fails to state a claim upon which relief may be granted under § 2(a) of the Robinson-Patman Act.

■ The Act provides for liability for unlawful price discrimination against buyers such as Jordan Marsh and Bloomingdale's, as well as against sellers such as Denney. Section 2(f) provides, "It shall be unlawful for any person engaged in commerce, in the course of such commerce, knowingly to induce or receive a discrimination in price which is prohibited by this section." 15 U.S.C. 13(f). Since the facts alleged by Rickles do not present direct or indirect price discrimination within the scope of § 2(a) of the Act, as a matter of law the complaint fails to state a claim for relief on that basis against the buyers, Jordan Marsh and Bloomingdale's, under § 2(f). On the facts alleged by Rickles, §§ 2(d) or 2(e) provide the only possible basis for relief against defendant buyers or seller.

■ On their face, §§ 2(d) and 2(e) of the Act apply to sellers and not to buyers. See 16 C.F.R. §§ 240.2 and 240.3 (1980). A buyer may be held liable for payments proscribed by § 2(d), but only in proceedings initiated by the Federal Trade Commission, under § 5 of the Federal Trade Commission Act. *American News Company v. F.T.C.,* 300 F.2d 104 (2d Cir. 1961), *cert. denied* 371

U.S. 824, 83 S.Ct. 44, 9 L.Ed.2d 64; 16 C.F.R. § 240.14 (1980). "Neither § 2(d) nor § 2(e) can give rise to a private cause of action against a buyer." *General Beverage Sales Co.-Oshkosh v. East Side Winery*, 396 F.Supp. 590, 596 (E.D.Wis.1975), rev'd on other grounds, 568 F.2d 1147 (7th Cir. 1978). As a matter of law, the complaint fails to state a claim for relief against defendants Jordan Marsh and Bloomingdale's. I rule that since the allegations of the complaint present no possible basis for recovery against the buyer defendants, dismissal is appropriate as against Jordan Marsh and Bloomingdale's.

Defendant Denney seeks dismissal or the preclusion of certain evidence at trial on the grounds that plaintiff has failed to make or cooperate in discovery. Fed.R.Civ.P. 37(b)(2)(C). On September 11, 1980, defendant Denney filed interrogatories and a request to inspect documents. Plaintiff's response and objections were due by October 14. Plaintiff did not respond until October 16, when Rickles' counsel sent twenty documents to Denney's counsel in response to the request for documents. Approximately seventy-four more documents were produced on October 17, at the previously arranged deposition of plaintiff Rickles. On October 17 Rickles also delivered its answers to the interrogatories. Denney alleges that the documents produced were a confused collection of business records, handwritten notes, invoices and advertisements, which were not labelled with reference to the request. Denney further alleges that the answers to interrogatories were incomplete, uninformative, and nonresponsive.

Rule 37 is entitled "Failure to Make or Cooperate in Discovery: Sanctions." The words "or cooperate in" were added by the 1980 Amendments to the Rule, reflecting the growing concern for dis-

covery abuses. In light of the drastic nature of dismissal, see *Affanato v. Merrill Brothers*, 547 F.2d 138, 140 (1st Cir. 1977), and the policy of the law favoring disposition on the merits, *Richman v. General Motors Corp.*, 437 F.2d 196, 199 (1st Cir. 1971), defendants' motion to dismiss or preclude should be denied at this time. Rule 37 is flexible, allowing the Court to use as many and as varied sanctions as are necessary to balance the scales of justice. Wright & Miller § 2283 at 764. If a party requesting discovery files a motion seeking the imposition of penalties such as dismissal or preclusion pursuant to Rule 37(d), the Court may treat the motion as one for an order compelling discovery pursuant to Rule 37(a). Moore's Federal Practice § 37.02(5) n.2.

For purposes of a motion for order compelling discovery, an evasive or incomplete answer to an interrogatory is to be treated as a failure to answer. Fed.R. Civ.P. 37(a)(3). Answers are insufficient if they fail to supply facts which were omitted from the complaint, and if they neither clarify nor narrow the broad issues posed by the complaint. See *U. S. v. West Virginia Pulp and Paper Co.*, 36 F.R.D. 250 (S.D.N.Y. 1964). In the present case, most of plaintiff's answers were general and conclusory, often merely restating the allegations of the complaint. Some of the answers were ambiguous, and many were non-responsive.* Plaintiff cannot complain that the interrogatories are objectionable, or that it lacked necessary information to respond sufficiently, since it conducted no discovery until December 9, and failed to object to the interrogatories. Plaintiff should therefore be ordered to file amended responses to the interrogatories.

As part of the 1980 amendments to the Federal Rule of Civil Procedure, Rule 34 was expanded to require a party who produces documents for inspection to "produce

---

* For example, Question 6 asks, "Identify each of the communications constituting demands alleged in p. 10 (First Cause of Action) of the complaint." The response is, "All letters and constant oral communications." Such general answers do not further the purposes of interrogatories, which are to facilitate trial preparation, to provide facts, to narrow the issues, and to reduce the chance of surprise. Question 8 asks, "Identify each of the communications constituting the threat alleged in p. 11 (First Cause of Action) of the complaint." The response is "Sandra Heppenheimer." If such an answer is not evasive it is certainly incomplete.

them as they are kept in the usual course of business, or [to] organize and label them to correspond with the categories in the request." The documents produced by Rickles included invoices, letters, reports and notes which are business records, and should have been produced in an orderly fashion and referenced according to the requests. Plaintiff should therefore be ordered to provide an index or orderly listing of the documents presented.

Plaintiff's resistance to full and timely disclosure has resulted in the needless waste of time and effort and delay of the trial. Although dismissal is a harsh sanction, it is justified "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent," *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976); *Affanato v. Merrill Brothers, supra* at 140. Failure to comply with the orders issued with this memorandum by March 6, 1981 will result in dismissal of the complaint as against defendant Denney.

Order accordingly.

