**SOFA GALLERY, INC., Plaintiff,**

v.

**MOHASCO UPHOLSTERED FURNITURE CORPORATION, d/b/a Stratford Co., and Dayton Hudson Corporation, Defendants.**

Civ. No. 4–86–175.

United States District Court,
D. Minnesota,
Fourth Division.

July 9, 1986.

Scott G. Harris and James E. Kelly, Minneapolis, Minn., for plaintiff.

John D. French and R. Thomas Torgerson, Faegre & Benson, Minneapolis, Minn., for defendant Dayton Hudson Corp.

Jerome B. Pederson, Fredrickson & Byron, Minneapolis, Minn., for defendant Mohasco Upholstered Furniture Corp.

DIANA E. MURPHY, District Judge.

Plaintiff Sofa Gallery, Inc. (Sofa Gallery) brought this action against Mohasco Upholstered Furniture Corporation, d/b/a Stratford Co. (Mohasco) and Dayton Hudson Corporation (Dayton's), alleging violations of antitrust laws. It seeks treble damages and injunctive relief, costs, and attorney's fees. Jurisdiction is alleged under 15 U.S.C. § 13(a), (d), and (f) and pendent jurisdiction. The matter is now before the court upon Dayton's motion to dismiss the complaint against it for failure to state a claim upon which relief can be granted. Mohasco joins in that portion of the motion which seeks dismissal of claims under Section 2(d) of the Robinson-Patman Act, 15 U.S.C. § 13(d), and Minnesota law.

Plaintiff is a Minnesota corporation which purchases furnished upholstered products from wholesale suppliers located

in various states and resells them at retail in the Twin Cities area. Defendant Mohasco is a New York corporation which makes and sells furniture to retailers throughout the United States. Dayton's is a Minnesota corporation engaged in the retail sale of consumer products, including furnished upholstered products, in its various stores.

Plaintiff's complaint raises four separate claims. The first claim alleges that Mohasco violated Section 2(a), 15 U.S.C. § 13(a), by granting Dayton's beneficial pricing and advertising concessions. The second claim charges Mohasco with violations of Section 2(d), 15 U.S.C. § 13(d), asserting discrimination in the availability of advertising and promotional allowances. The third claim alleges that Dayton's knowingly induced or received price discrimination in violation of Section 2(f), 15 U.S.C. § 13(f). Finally, the fourth claim asserts that the actions of Mohasco and Dayton's violate *Minn.Stat.* §§ 325D.49–325D.66.

A cause of action should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [the] claim which would entitle [plaintiff] to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). Plaintiff's factual allegations must be taken as true and must be viewed in the light most favorable to it. *See May v. Commissioner*, 752 F.2d 1301, 1303 (8th Cir.1985).

 Dayton's asserts that plaintiff's third claim must be dismissed because the substance of the allegations does not concern discriminatory pricing, but discrimination in the availability of advertising and promotional allowances. It contends that Section 2(f) of the Robinson-Patman Act, 15

U.S.C. § 13(f), does not prohibit such buyer-induced discrimination. Plaintiff claims, by contrast, that the price discrimination alleged in the complaint is properly cognizable under Sections 2(a) and (f) even if such discrimination is hidden under the guise of advertising allowances and rebates.

Section 2(f), 15 U.S.C. § 13(f),[1] prohibits the knowing inducement or receipt of a price discrimination that is unlawful under Section 2(a), 15 U.S.C. § 13(a).[2] It does not by its terms "prohibit buyer-induced allowances or services unlawful under Sections 2(d) and (e)."[3] ABA Antitrust Section, Antitrust Law Development, p. 269 (2d ed. 1984). Dayton's liability would be derivative, dependent upon a finding of liability against Mohasco.

The allegations in the first and second claims focus upon payments made by Mohasco to Dayton's allegedly "for use ... in cooperative advertising programs." Plaintiff complains that these funds were in excess of those paid to Dayton's competitors for similar advertising programs, they were based upon unverified and unsubstantiated advertising cost projections, and they were based on the full list price for advertising. Plaintiff and other customers were limited to cooperative advertising payments based upon the actual amounts paid by them.

Plaintiff tries to characterize these as Section 2(f) claims, but it is clear that the payments alleged were not provided in connection with the original sales from Mohasco to Dayton's, but rather with the projected resales of the furniture. Thus, the alleged discriminations induced by Dayton's are properly brought exclusively under Sec-

---

**1.** Section 2(f) provides: "It shall be unlawful for any person engaged in commerce, in the course of such commerce, knowingly to induce or receive a discrimination in price which is prohibited by this section." 15 U.S.C. § 13(f).

**2.** Section 2(a) prohibits a discrimination in price between two buyers of the same seller of commodities of like grade and quality where such discrimination may substantially injure competition in any line of commerce. *See* 15 U.S.C. § 13(a). The section addresses discrimi-

nation with respect to the original sale to the purchaser and does not address the purchaser's subsequent resale. *Kirby v. P.R. Mallory & Co., Inc.,* 489 F.2d 904, 909 (7th Cir.1973), *cert. denied,* 417 U.S. 911, 94 S.Ct. 2610, 41 L.Ed.2d 215 (1974).

**3.** Sections 2(d) and (e) prohibit a seller from discrimination in payments for services and facilities to purchasers who are buying commodities for resale. 15 U.S.C. § 13(d), (e).

tion 2(d) or 2(e), rather than 2(f).[4] *See Kirby v. P.R. Mallory & Co., Inc.,* 489 F.2d 904, 910–11 (7th Cir.1973), *cert. denied,* 417 U.S. 911 94 S.Ct. 2610, 41 L.Ed.2d 215 (1974); *Rickles, Inc. v. Frances Denney Corp.,* 508 F.Supp. 4 (D.Mass.1980). Therefore, as a matter of law, the complaint fails to state a claim for relief under Section 2(f), 15 U.S.C. § 13(f). The third claim must be dismissed.[5]

■ Defendants also seek dismissal of the fourth claim, an antitrust claim brought under Minnesota law. They contend that the cited provisions do not cover discrimination in advertising allowances in the sale of commodities or inducements by a buyer to obtain discriminatorily favorable treatment. Plaintiff, by contrast, asserts that the complaint alleges a combination or conspiracy between Dayton's and Mohasco in unreasonable restraint of trade in violation of *Minn.Stat.* § 325D.51.

*Minn.Stat.* § 325D.51 provides: "A contract, combination, or conspiracy between two or more persons in unreasonable restraint of trade or commerce is unlawful." This section is a general conspiracy statute and does not cover the sort of discrimination alleged in plaintiff's first three claims. The first three claims charge only violations of the Robinson-Patman Act, a price discrimination statute.

The Minnesota statutory scheme covers price discrimination, but the law prohibits only geographic price discrimination. *Minn.Stat.* § 325D.03.[6] It does not prohib-

it buyer inducement of price discrimination or favorable promotional allowances. Under Minnesota law specific provisions in a statute govern. *Cf., Cohen v. Gould,* 177 Minn. 398, 405–406, 225 N.W. 435, 438 (1929). *Accord, State v. Jackson,* 218 Minn. 429, 433, 16 N.W.2d 752, 755 (1944); *Maytag Co. v. Commissioner of Taxation,* 218 Minn. 460, 463, 17 N.W.2d 37, 40 (1944). Courts are not to imply legislation which the legislature may have purposely omitted or inadvertently overlooked. *State ex rel. Verbon v. County of St. Louis,* 216 Minn. 140, 145, 12 N.W.2d 193, 196 (1943). Furthermore, the Minnesota statute cited by plaintiff is modeled after the Sherman Act which courts have not treated expansively. *See, e.g., SCM Corp. v. Xerox Corp.,* 645 F.2d 1195, 1210 (2d Cir.1981), *cert. denied,* 455 U.S. 1016, 102 S.Ct. 1708, 72 L.Ed.2d 132 (1982) ("And we see no reason to expand judicially the scope of § 1 of the Sherman Act to accommodate a claim that is already cognizable under another antitrust provision—§ 7 of the Clayton Act …"). For these reasons, claim four fails to state a claim against Dayton's or Mohasco and must be dismissed.

### ORDER

Accordingly, based upon the above and all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that

---

**4.** Since §§ 2(d) and (e) apply to sellers and not to buyers, plaintiff may not pursue its claim for relief against Dayton's in this forum. *See* 15 U.S.C. §§ 13(d), (e). A buyer may be held liable for payments prescribed by § 2(d), but only in proceedings initiated by the Federal Trade Commission under § 5 of the Federal Trade Commission Act. *See, e.g., American News Co. v. F.T.C.,* 300 F.2d 104 (2d Cir.), *cert. denied,* 371 U.S. 824, 83 S.Ct. 44, 9 L.Ed.2d 64 (1962).

**5.** Although Mohasco has joined in Dayton's motion seeking dismissal of the Section 2(d) claim, 15 U.S.C. § 13(d), it has not asked for dismissal of the Section 2(a) claim, 15 U.S.C. § 13(a).

**6.** *Minn.Stat.* § 325D.03 provides in pertinent part:

Any person, partnership, firm, or corporation, foreign or domestic, doing business in the state and engaged in the production, man-

ufacture, or distribution of any printed or mimeograph matter, commodity, article, goods, wares, or merchandise in general use or consumption, who for the purpose or with the effect of injuring a competitor or destroying competition, shall discriminate between different sections, communities, or cities of this state by selling or furnishing such commodity, article, goods, wares, or merchandise at a lower price, or rate in one section, commodity, article, goods, wares, or merchandise in another section, community, or city, or any portion thereof, after making allowance for difference, if any, in the grade, quality, or quantity after equalizing the distance from the point of production, manufacture, or distribution and freight rates therefrom, shall be guilty of unfair discrimination. …

1. The motion of Dayton Hudson Corporation for dismissal is granted, and claims three and four against it are dismissed.

2. The motion of Mohasco Upholstered Furniture Corporation for dismissal is granted with respect to claim four which is dismissed, but denied in all other respects.