983 F.2d 1076
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lawrence C. KRAIN, M.D., Plaintiff-Appellant,
v.
Allen KAHN, M.D., et al., Defendants,
and
Herbert Forman, M.D., Seymour Siegel, M.D., Harold Visotsky,
M.D., Irving Kagen, M.D., Jack Berger, M.D., and
Leslie Lee, Defendants-Appellees.
 No. 90-56208.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 7, 1991.*
Decided Dec. 1, 1992.
 
 1
 Before FLETCHER and CANBY, Circuit Judges, and REED,** District Judge.
 
 
 2
 MEMORANDUM AND ORDER***
 
 
 3
 Plaintiff-Appellant Lawrence S. Krain appeals from a judgement of dismissal entered by the district court pursuant to Fed.R.Civ.P. 54(b) in favor of the defendants-appellees Herbert Forman, M.D., Seymour Siegel, M.D., Harold Visotsky, M.D., Irving Kagen, M.D., Jack Berger, M.D., and Leslie Lee. Previously, appellant appealed an earlier district court judgment of dismissal of his claims against the defendant doctors. This Court originally affirmed the district court's earlier decision, but then vacated its memorandum decision and remanded to allow the district court to address its initial failure to make a Rule 54(b) determination.
 
 
 4
 On February 21, 1992, in accordance with our remand order, the district court issued an order finding that "the Court makes a determination pursuant to Fed.R.Civ.P. 54(b) that there is no just reason for delay and directs entry of judgment dismissing all claims against [appellees]."
 
 
 5
 In response to the Court's order filed August 12, 1992, appellant filed his opening brief on August 21, 1992. Appellees filed their opening brief, pursuant to Court extension, on October 19, 1992. Appellant did not file a reply brief. We now address the merits of the appeal.
 
 Propriety of Rule 54(b) Ruling
 
 6
 The district court has exclusive discretion in deciding whether to enter judgment on fewer that all the claims and parties under Fed.R.Civ.P. 54(b). Purdy Mobile Homes, Inc. v. Champion Home Builders, 594 F.2d 1313 (9th Cir.1979); Illinois Tool Works, Inc. v. Brunsing, 378 F.2d 234 (9th Cir.1967). The appellate court will uphold the district court's decision to enter judgment under Rule 54(b) absent an abuse of discretion. Davis v. Fendlen, 650 F.2d 1154 (9th Cir.1981).
 
 
 7
 Appellant argues that the district court did not have jurisdiction to enter judgment under Rule 54(b). He alleges that Judge Waters, the district judge, has a conflict of interest with appellant because appellant has a case pending against Judge Waters. We reject this argument. A judge is not disqualified by a litigant's suit against him. Toyota of Berkeley v. Automobile Salesmen's Union, Local 1095 834 F.2d 751 (9th Cir 1987) cert. denied 486 U.S. 1043 (1988); U.S. v. Studley, 783 F.2d 934, 940 (9th Cir.1986).
 
 
 8
 Second, appellant alleges that Judge Waters is a Republican and an anti-semite. The fact that Judge Waters is a Republican does not create a conflict of interest. As to the claim of anti-semitism, there is not even a scintilla of evidence substantiating such a claim. Appellant's mere accusation of anti-semitism does not entitle appellant to a reversal.
 
 
 9
 Next, appellant argues that other panels of this Circuit faced with the same 54(b) issue we face concluded that the district judge could not enter judgment under 54(b). Appellant, however, cites no cases or other authority supporting this allegation. Therefore, we reject this contention.
 
 
 10
 Finally, appellant argues that because Judge Waters never held a competency hearing as to appellant's competency, the district court did not have jurisdiction to enter judgment under Rule 54(b). We reject this argument. Appellant never requested a competency hearing. Along the same lines, no party suggested that the district court conduct a competency hearing or that appellant was incompetent to proceed on any basis. In absence of notice that plaintiff desired a competency hearing, the district court did not have any information which would have provided the basis to hold a competency hearing.
 
 
 11
 Appellant might argue that his papers indicated that he might be incompetent. We reject this hypothetical argument as well. First, while the allegations in appellant's complaint and other briefs might be highly unlikely, possibly indicating incompetency, appellant's arguments have been quite lucid, analytical, and logical. That is, appellant's papers have been adequate. Therefore, we reject appellant's claim of incompetency.
 
 
 12
 Appellant has not shown that the district court abused its discretion in entering judgment under Fed.R.Civ.P. 54(b). Therefore, we conclude that the district court properly entered Rule 54(b) judgment as to appellees. As such, we conclude that we should reinstate our prior memorandum disposition addressing the merits of appellant's complaint against appellees.
 
 The District Court's award of costs
 
 13
 After the district court entered judgment under Rule 54(b), it awarded the costs of action to appellees. Appellant argues that the order awarding costs to appellees should be reversed. The appellees however elected not to pursue this award of costs. The appellees' decision not to pursue cost renders the issue of whether costs were rightly awarded moot.
 
 
 14
 The decision of the district court entering judgment nunc pro tunc under Fed.R.Civ.P. 54(b) is AFFIRMED. IT IS, THEREFORE, HEREBY ORDERED that the panel's prior memorandum disposition, previously withdrawn, affirming the district court's dismissal of appellant's § 1981, § 1983, § 1985(3), § 1986, § 1988, § 2000a, sixth amendment, Federal Privacy Act, and state law claims against appellees is REINSTATED. The memorandum is attached to this memorandum and order.
 
 
 15
 MEMORANDUM*
 
 FACTS
 
 16
 Plaintiff filed a civil rights complaint against many defendants, alleging that all of the defendants, including the United States Government and the FBI, conspired to surround him with "look-alike doubles," who were really FBI agents. The purpose of this conspiracy was allegedly to persecute him because he is Jewish. Appellees are several psychiatrists and one receptionist ("the doctors") who allegedly participated in this conspiracy by permitting the "doubles" to take their place and mistreat plaintiff. This mistreatment allegedly worsened plaintiff's sanity and subjected him to harmful cancer-causing radiation.
 
 
 17
 All of these defendants moved to dismiss the complaint for failure to state a claim. In two orders, the district court dismissed all of plaintiff's federal claims against these defendants under Fed.R.Civ.P. 12(b)(6), and then dismissed his pendent state claims against these defendants for lack of subject matter jurisdiction. Plaintiff then filed this appeal.
 
 DISCUSSION
 MOTION TO DISMISS
 
 18
 As a preliminary matter, plaintiff objects that appellees' motions to dismiss were untimely. However, the time provided by Fed.R.Civ.P. 12(b) for defendants to make a motion to dismiss does not begin to run until valid service has been effected. Kadet-Kruger & Co. v. Celanese Corp. of America, 216 F.Supp. 249, 250 (N.D.Ill.1963). These defendants were not validly served before they filed their motions to dismiss. Therefore, their motions were timely.
 
 
 19
 We review de novo the dismissal of a complaint for failure to state a claim upon which relief can be granted. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (citations omitted). Furthermore, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). Even where a pro se plaintiff fails to state a claim, he or she "must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.' " Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987) (quoting Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir.1980)).
 
 
 20
 We now review each claim that the district court dismissed. The district court stated the bases for its rulings in its order dismissing the claims against defendants Forman and Siegel. We assume that its rulings regarding defendants Visotsky, Kagen, Berger, and Lee were based on the same reasoning.
 
 I. 42 U.S.C. § 1981
 
 21
 The district court dismissed plaintiff's claim under 42 U.S.C. § 1981, holding that because § 1981 only prohibits discrimination against race, not religion, plaintiff's allegation that he was discriminated against because he is Jewish failed to state a claim. The district court, however, incorrectly concluded that Jews are not a race for purposes of § 1981. The Supreme Court has held that Jewish ancestry is a race for purposes of § 1981. Saint Francis College v. Al-Khazraji, 481 U.S. 604, 612, 613 (1987); see also Shaare Tefila Congregation v. Cobb, 481 U.S. 615 (1987) (Jews are a race for purposes of § 1982); Benigni v. City of Hemet, 879 F.2d 473, 478 (9th Cir.1988).
 
 
 22
 However, § 1981 is not a general prohibition against all racial discrimination. Its protection is limited to the rights specifically enumerated in the statute: "to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property...." 42 U.S.C. § 1981; see Patterson v. McLean Credit Union, 491 U.S. 164 (1989). None of these rights is implicated by plaintiff's allegations of the appellees' conduct, nor does plaintiff appear able to allege that the appellees deprived him of any of these rights. Therefore, amendment would be futile, and the district court properly dismissed this claim without leave to amend.
 
 II. 42 U.S.C. § 1983
 
 23
 The district court properly dismissed plaintiff's claim under 42 U.S.C. § 1983 because plaintiff's allegations of a conspiracy between defendants and state actors are conclusory. It is so highly unlikely that plaintiff can plead specific facts to support this claim that it was not necessary to grant leave to amend.
 
 III. 42 U.S.C. § 1985(3)
 
 24
 The district court also properly dismissed plaintiff's claim under 42 U.S.C. § 1985(3) because, as with the § 1983 claim, the allegations of conspiracy are conclusory and plaintiff need not have been given a chance to amend.
 
 IV. 42 U.S.C. §§ 1986, 1988
 
 25
 The district court dismissed plaintiff's claims under 42 U.S.C. § 1986 and 42 U.S.C. § 1988 because these claims depend upon the claims under § 1981, § 1983, and § 1985(3) that it had already dismissed. To state a claim under § 1986, a complaint must contain a valid claim under § 1985. Karim-Panahi, 839 F.2d at 626. Given our determination that plaintiff's § 1985(3) claim was properly dismissed, dismissal of the § 1986 claim was also proper. Similarly, plaintiff's § 1988 claim, for attorney's fees for his claims under § 1981, § 1983, § 1985(3), and § 1986, was properly dismissed where plaintiff's claims under those sections were properly dismissed.
 
 
 26
 V. 42 U.S.C. § 2000a et seq.
 
 
 27
 The district court dismissed plaintiff's claim under 42 U.S.C. § 2000a et seq. because plaintiff did not allege that the defendants were part of a public accommodation and that plaintiff was denied access to that public accommodation. Plaintiff argues that these doctors sent him to a hospital at the University of Michigan, which may be a public accomodation. However, plaintiff did not allege that he was denied access to any facilities there, nor does he appear able to do so.
 
 
 28
 Moreover, damages are not available for violations of § 2000a et seq. Newman v. Piggie Park Enters., Inc., 390 U.S. 400 (1968). The sole private remedy is an injunction under 42 U.S.C. § 2000a-3. Plaintiff complains only of this one instance of past conduct, which appears incredibly unlikely to occur again, if it ever occurred. Therefore, an injunction would be inappropriate, and plaintiff cannot state a claim under these sections.
 
 VI. Sixth Amendment
 
 29
 The district court dismissed plaintiff's sixth amendment claim because plaintiff did not allege how appellees were involved in his right to a fair trial. Indeed, there is no allegation that even suggests that the doctors did anything that could possibly affect this right. Thus, leave to amend could not cure this deficiency, and this claim was properly dismissed.
 
 
 30
 VII. Federal Privacy Act of 1974, 5 U.S.C. § 552a
 
 
 31
 Plaintiff concedes that his privacy claim is based on state, not federal, statutes. Appellant's Informal Brief, at 35-36. Accordingly, his claim under this federal statute, even if one could be maintained, was properly dismissed.
 
 VIII. State Law
 
 32
 The district court also dismissed all of plaintiff's claims under state law because there was no independent basis of federal jurisdiction, once all federal claims were dismissed. We review for abuse of discretion the district court's dismissal of plaintiff's pendent state claims after its dismissal of his federal claims. Notrica v. Board of Supervisors of San Diego, 925 F.2d 1211, 1213 (9th Cir.1991).
 
 
 33
 Plaintiff argues that because he may be time barred from filing some of his state claims in state court, dismissal of his pendent state claims was improper. However, although the fact that state claims may be barred by the statute of limitations is a relevant factor in the district court's decision, it is not necessarily a determinative factor. Notrica, 925 F.2d at 1214-15. Here, given the extreme improbability of all of plaintiff's claims, we cannot say that the district court abused its discretion in dismissing all of plaintiff's pendent state claims.
 
 MOTION TO DISQUALIFY JUDGE WATERS
 
 34
 Plaintiff objects to the denial of his motion to disqualify Judge Waters. Plaintiff's motion was assigned to Judge Takasugi. Judge Takasugi found "no grounds which constitute a conflict, bias or prejudice sufficient to warrant disqualification." Order of June 25, 1990. Accordingly, he denied plaintiff's motion, and plaintiff's subsequent motion for reconsideration.
 
 
 35
 We review this denial for an abuse of discretion. United States v. Studley, 783 F.2d 934, 939 (9th Cir.1986). Plaintiff objected to Judge Waters because plaintiff has sued Judge Waters in another case, and because the California State Bar Association, of which Judge Waters is a member, is a defendant in this action. A judge is not disqualified merely by a litigant's suit against him. Id. at 940. Nor is a judge's membership in a state bar association that is a defendant in the suit sufficient to disqualify a judge. See, e.g., Parrish v. Board of Comm'rs of the Alabama State Bar, 524 F.2d 98, 104 (5th Cir.1975), cert. denied, 425 U.S. 944 (1976). Therefore, based on the information presented to us by plaintiff, we cannot say that Judge Takasugi abused his discretion in denying plaintiff's motion.
 
 CHALLENGE TO DEFENDANTS' ATTORNEY
 
 36
 Plaintiff objects to Wood, Lucksinger & Epstein, appellees' counsel, because the firm represented him in a medical malpractice case. However, plaintiff never filed a motion in the district court seeking to disqualify this firm, as required by Fed.R.Civ.P. 7(b)(1). Plaintiff merely included one sentence in his opposition to the doctors' motions to dismiss that objected to this firm. The district court was therefore never presented with the chance to rule on this issue. Generally, we do not consider issues raised for the first time on appeal, Jones v. Aero/Chem Corp., 921 F.2d 875, 877 n. 1 (9th Cir.1990), and in this case it would be inappropriate for us to do so.
 
 CONCLUSION
 
 37
 We therefore AFFIRM the district court's dismissal of plaintiff's § 1981, § 1983, § 1985(3), § 1986, § 1988, § 2000a, sixth amendment, Federal Privacy Act, and state law claims against appellees.
 
 
 38
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 Honorable Edward C. Reed, Jr., Senior United States District Judge for the District of Nevada, sitting by designation
 
 
 ***
 This disposition is not intended for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 *
 This disposition is not intended for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3